IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLIE DANIELS, #15327                                                         PLAINTIFF

VS.                                                       CIVIL ACTION NO. 5:03CV4DCB-JCS

DOLAN WALLER, CHARLIE RANDALL                                         DEFENDANTS
AND CHRISTOPHER EPPS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion of defendant Dolan Waller for summary judgment. Having considered the motion and the response thereto, the court now concludes that, for the reasons which follow, Waller's motion is well taken and should be granted.[1]

As set forth in the court's March 31, 2005 Memorandum Opinion and Order, the record demonstrates the following[2]: On April 6, 1999, the Chancery Court of Hinds County granted plaintiff's petition to change his name to Jehoikeem Mulazeem. In May 2000, plaintiff petitioned Sunflower County Circuit Court to require the MDOC record custodian to acknowledge the order changing his name. On December 13, 2002, the Court ordered the custodian to comply. The order provided that past records did not have to be changed but that all future transactions must reflect "a/k/a Jehoikeemm Mulazeem."

---

[1] The parties have consented to jurisdiction by the magistrate judge.

[2] On March 31, 2005, the court dismissed plaintiff's claims against the State, concluding that plaintiff had failed to state a claim on which relief could be granted.

While plaintiff was housed as WCCF, an WCCF employee, who was not named as a defendant, refused to put his Muslim name on his identification badge. Plaintiff again sought redress in the Sunflower County Circuit Court. In April 2002, that Court found that MDOC had complied with the order by putting new name on his master file and on an "alias" card in his file. The court ruled that it had no jurisdiction over WCCF officials.

Plaintiff then filed a grievance pursuant to MDOC's administrative remedy program. In the first-step response, defendant Randall, the contract monitor for the State, replied that MDOC was in compliance with the Court's order and had no control over WCCF's internal forms. In the second-step response, defendant Waller, warden of WCCF, stated that the "Inmate Locator" is not an official document and that there was nothing in plaintiff's master file to support plaintiff's claim. Finally, in the third-step response, Epps reiterated that MDOC had plaintiff's records under the proper name.

Plaintiff, a state prisoner, currently housed at the Marion County Correctional Facility (MCCF), filed this suit claiming that his constitutional right to free exercise of religion was violated by Wilkinson County Correctional Facility's (WCCF) failure to recognize his Muslim name while he was housed at the WCCF. The complaint, which seeks both monetary damages and equitable relief , contains no allegation that plaintiff sustained any physical injury as a result of this alleged deprivation.

By his motion, Defendant Waller, urges, among other things, that summary judgment is appropriate inasmuch as plaintiff's claim for equitable damages is moot due to his transfer to another facility and as his claim for monetary damages is barred by § 1997e of the Prison

Litigation Reform Act. The court agrees. As defendant correctly points out, even assuming that plaintiff's claim rises to the level of a constitutional violation, "[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002). Accordingly, here, where plaintiff does not claim that the alleged constitutional violations by WCCF are "capable of repetition evading review," his claim for equitable relief against WCCF is subject to dismissal. See Id. (court may consider otherwise moot question, if constitutional violations are "capable of repetition yet evading review").

Plaintiff's claim for monetary damages also fails. As set forth above, plaintiff's complaint fails to allege that he suffered a physical injury in connection with the alleged deprivation. Likewise, during his omnibus hearing, plaintiff did not identify a physical injury related to the alleged deprivation. In response to the motion, plaintiff does not deny that he seeks damages for mental and emotional suffering, but instead, contends that he suffered physically when he was handcuffed and brought to court for his omnibus hearing. However, assuming arguendo, that an injury which post-dates the filing of the suit could satisfy §1997e(e), it is clear that plaintiff's assertion of pain related to his handcuffed is, at best, de minmis. For this reason, the court concludes that plaintiff's claim for monetary relief is barred by the physical injury requirement of 42 U.S.C. § 1997e(e).[3] See Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical

---

[3] This section of the Prison Litigation Reform Act (PLRA) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

injury.").[4]

Based on the foregoing, it is ordered that defendant's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 24th day of March, 2006.


    _s/ James C. Sumner_____
    UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff also urges he is entitled to recover the costs of bringing this action. However, costs are not considered an element of plaintiff's damages, but may be awarded by the court to the "prevailing party." See Fed. R. Civ. P. 54(d)(1).